UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES ASKEW, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:17-CV-457-JD-MGG |
|  | ) |  |
| WARDEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

James Askew, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-4-295) where a Disciplinary Hearing Officer (DHO) found him guilty of conspiring or attempting to traffic in violation of Indiana Department of Correction (IDOC) Policies A-111 and A-113 on May 3, 2017. ECF 1 at 1. As a result, he was sanctioned with the loss of 180 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.* The Respondent has filed the administrative record. Askew has not filed a traverse and the time to do so has passed. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

As a threshold matter, the DHO had sufficient evidence to find Askew guilty of conspiring or attempting to traffic. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

Here, Askew was found guilty of violating IDOC offenses A-111 and A-113 for conspiring or attempting to traffick marijuana. IDOC offense A-111 prohibits inmates from "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_ 6-1-2015(1).pdf. IDOC offense A-113 prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.*

The Conduct Report charged Askew as follows:

On 4/26/2017 upon reviewing Offender Askew, James # 994640 Offender Phone System, Offender Askew and former Offender Brandon Moody # 190162 were found to be communicating about the trafficking of Marijuana. Offender Askew made several calls indicating that a staff person was to receive the Marijuana and bring it into the facility for money. Offender Askew gave the phone number . . . to Mr. Moody and told him on April 2, 2017 to call him and get him the package so that he can get it into me tomorrow. This phone number is registered to . . . Aramark Worker for ISO. The Investigation confirmed that Moody contacted and met with Josh Davis.

ECF 9-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Askew guilty of violating offenses A-111 and A-113. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer stated in the conduct report that he heard phone conversations between Askew and former Offender Moody during which they

3

communicated about trafficking marijuana. ECF 9-1 at 1. Askew made several phone calls to Moody to let him know that he should give the marijuana to Josh Davis, an Aramark Worker, who would then bring the marijuana into the prison facility. *Id*. Askew gave Davis's phone number to Moody and, on April 2, 2017, he told Moody to call Davis and give Davis the package so that he would have it the following day. *Id*. Based on the phone conversations between Askew and Moody, there was sufficient evidence for the DHO to conclude that Askew conspired or attempted to traffic marijuana. Therefore, the DHO's finding that Askew was guilty was neither arbitrary nor unreasonable in light of the evidence in the detailed conduct report.

Nevertheless, Askew argues that his due process rights were violated because he did not have access to the confidential evidence he requested during his screening. ECF 1 at 2. Specifically, he requested "any evidence they got, listen to audio, voice anylis [sic]." ECF 9-2 at 1. However, he asserts he was not allowed to listen to the audio recording, did not receive a copy of the DHO's Facts, Findings and Conclusions, and was denied access to the confidential Internal Affairs investigation file. *Id*. Thus, Askew contends he was improperly denied access to this evidence.

While Askew had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, he did not have necessarily have a right to personally review the evidence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Here, Askew did not have a right to review the confidential Internal

4

Affairs investigation file because the file contains information from cooperating witnesses, phone records, personal information, and the audio recording of the April 2, 2017 phone conversation. ECF 9 at 5. The release of the file and audio recording to Askew would have given him and other inmates insight into the surveillance techniques employed by the Internal Affairs investigators. The court has reviewed the confidential Internal Affairs investigation file and audio recording, and finds that the DHO did not err in determining that it posed a security threat to release this information to Askew.

Askew also did not have a right to review the confidential Internal Affairs investigation file and audio recording because this evidence was not exculpatory. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992) ("[i]nmates have a right to present relevant, exculpatory evidence in their defense"). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). While Askew has a right to present relevant, exculpatory evidence in his defense, the confidential Internal Affairs investigation file and audio recording were made up of incriminating evidence, which support the conduct report. *Miller*, 963 F.3d at 1005. As stated, the court has reviewed the confidential Internal Affairs investigation file and audio record, and notes that they do not contain any exculpatory evidence. Because the DHO, who presided over Askew's hearing reviewed and considered the evidence contained in both the confidential Internal Affairs investigation file and audio

recording, there was no violation of Askew's due process rights. *White*, 266 F.3d at 767. Therefore, this ground does not provide a basis for habeas corpus relief.

To the extent the DHO might have erred in denying Askew's request to review the confidential Internal Affairs investigation file and audio recording, the error was harmless. When a prisoner is denied the opportunity to present evidence, the prisoner must establish that the denial of the evidence resulted in actual prejudice rather than harmless error. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Askew does not allege any prejudice from not receiving the confidential Internal Affairs investigation file or audio recording other than the general claim that it hindered his defense preparation. ECF 1 at 2. He points to no specific example of how his defense was actually harmed or that there was a substantial or injurious effect on the outcome of the proceeding. Therefore, Askew has not established that he was prejudiced in any way by the DHO's denial of his request to review the audio recording and provide him with the Internal Affairs confidential investigation file. As stated, the court has reviewed this evidence and Askew was not entitled to review it because its release both posed a security threat and did not contain any exculpatory information.

If Askew wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, James Askew's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on June 18, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT